**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN L. SCOTT,

    Petitioner,   2:06-cv-1514-JCM-LRL

vs.

**ORDER**

WARDEN DWIGHT NEVEN, *et al.*,

    Respondents.

_____/

    Steven L. Scott, a Nevada prisoner, initiated this habeas corpus action on November 22, 2006, by submitting a *pro se* habeas petition (docket #5). After petitioner paid the filing fee (*see* docket #3), the petition was filed, on May 23, 2007.

    Respondents were served with the petition, and counsel for respondents appeared on May 30, 2007 (docket #6).

    Respondents then filed a series of three motions for extensions of time to respond to the petition (docket #7, #11, #13). The Court finds that those motions were made in good faith and not solely for the purpose of delay, and that there is good cause for the extensions of time requested by respondents. Those motions will be granted. Respondents filed an Answer (docket #15) on November 8, 2007, within the time contemplated by their third motion for extension of time.

    On November 21, 2007, petitioner filed a motion for extension of time (docket #24), requesting an extension of time to file a reply to respondents' Answer. The Court finds that

petitioner's motion for extension of time was made in good faith and not solely for the purpose of delay, and that there is good cause for the extension of time requested by petitioner. That motion will be granted. Petitioner filed his Reply (docket #26) on December 6, 2007, within the time contemplated by his motion for extension of time.

On June 20, 2007, petitioner filed a "Motion for Discovery Papers" (docket #8). Respondents filed an opposition to that motion on July 6, 2007 (docket #9). Petitioner replied on July 11, 2007 (docket #10).

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has provided some guidance regarding the manner in which a district court's discretion is to be exercised on Rule 6 motions. The Supreme Court has instructed that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (*quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Petitioner seeks discovery from the police of transcripts of 911 calls related to the crimes underlying his convictions. Petitioner litigated in state court claims regarding the 911 transcripts. The Nevada Supreme Court ruled that "[t]he record on appeal reveals that appellant's counsel requested a copy of the 9-1-1 transmission but was informed that the transmission had been destroyed or taped over pursuant to standard procedure." Order of Affirmance, filed April 18, 2006 (copy attached to petition in this case (docket #5)), p. 4. Moreover, the Nevada Supreme Court ruled that petitioner did not show that the 911 transcripts could have changed the outcome of his trial. Essentially, the court noted that petitioner acknowledged that he had never heard the 911 transmission. *Id*. Petitioner has not, in his discovery motion in this case, made any showing to

warrant the discovery in the face of these rulings of the Nevada Supreme Court.  The Court finds that petitioner has not made a showing of good cause to support the requested discovery.  Petitioner's discovery motion will be denied.

On December 6, 2007, petitioner filed a Motion for Appointment of Counsel (docket #25).  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir.1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).  The petition in this case raises no issues that are especially complex.  Petitioner has done an exceptionally good job presenting his case.  The Court finds that appointment of counsel is not mandated at this time in this case.  Petitioner's motion will be denied.

This action is now fully briefed, and the Court will address the merits of the petition in due course, as its workload allows.

**IT IS THEREFORE ORDERED** that respondents' motions for extension of time (docket #7, #11, #13) are **GRANTED.**  The Answer filed by respondents on November 8, 2007 (docket #15) shall be treated as timely filed.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time (docket #24) is **GRANTED**.  The Reply filed by petitioner on December 6, 2007 (docket #26) shall be treated as timely filed.

**IT IS FURTHER ORDERED** that petitioner's Motion for Discovery Papers" (docket #8) is **DENIED**.

3

1  **IT IS FURTHER ORDERED** that petitioner's Motion for Appointment of Counsel
2  (docket #25) is **DENIED**.

3  Dated this 26th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE