UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN L. SCOTT, ) | |
| ) | |
| Petitioner, ) | 2:06-cv-01514-JCM-LRL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DWIGHT NEVEN, *et al.,* ) | |
| ) | |
| Respondents. ) | |

This closed action is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for discovery (ECF No. 53), which has been opposed by respondents, a motion to admit evidence into court record (ECF No. 58), which has been opposed by respondents, and a motion to reopen the time to appeal this court's decision on his motion for reconsideration (ECF No. 59), which includes no certificate of service to demonstrate that petitioner served the motion upon counsel for respondents.

I.  Motion for Discovery and To Admit Evidence into Court Record

Rule 60(b)(3) states that "fraud ..., misrepresentation, or misconduct by an opposing party" may serve as grounds for relief from a final judgment. To prevail on a motion under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir.2004) (citing *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d

1  874, 880 (9th Cir.2000)). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at
2  those which are factually incorrect." *De Saracho*, 206 F.3d at 880 (citing *In re M/V Peacock*, 809
3  F.2d 1403, 1405 (9th Cir.1987)). Furthermore, Rule 60(b)(3) "require[s] that fraud ... not be
4  discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260 (citing
5  *Pac. & Arctic Ry. & Nav. Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991)). In the
6  absence of fraud on the court, a motion under Rule 60(b)(3) must be made "no more than a year after
7  the entry of the judgment or order." Rule 60(c) (1); see Rule 60(d)(3) ("This rule does not limit a
8  court's power to ... set aside a judgment for fraud on the court.").

9        Petitioner moves the court for relief under Fed. R. Civ. P. 60(B)(3) seeking an
10 evidentiary hearing in this closed and appealed § 2254 action based upon his request for and
11 subsequent recovery of purported tapes of the 911/311 calls made at the time he was arrested.
12 Petitioner alleges fraud and misrepresentation was committed by the state when his attorney's
13 discovery request before trial to obtain copies of the 911/311 calls was denied on the apparent
14 assumption and representation by the state that the tape had been destroyed and was, therefore,
15 unavailable. He suggests that his ability to locate the radio ticket and ultimately recover the 911/311
16 tape demonstrates that the state's representations were fraudulent and this fraud resulted in him being
17 wrongfully denied an evidentiary hearing in state court. Petitioner argues that he is entitled to have
18 this tape and other evidence considered in an evidentiary hearing conducted by this court.

19       Respondents argue that the holding of *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct.
20 1388, 1398 (2011) forecloses any opportunity for petitioner to obtain an evidentiary hearing where
21 the United States Supreme Court concluded that the habeas statute, 28 U.S.C. § 2254(d)(1) and
22 (e)(2) "ensure that federal courts sitting in habeas are not an alternative forum for trying facts and
23 issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.* at 1401. They
24 argue that petitioner apparently could have, and certainly should have, obtained the tape well before
25 now - while his state court proceedings were still pending, and that his failure to do so demonstrates
26

his inadequate pursuit of state court claims.

Petitioner's motions for relief from the judgment and for discovery related to the 911/311 tape shall be denied. Petitioner has not demonstrated that he is entitled to reconsideration of his habeas petition because he has not shown fraud or misrepresentation on the part of the opposing party in obtaining his judgment of conviction. *See* Fed. R. Civ. P. 60(b)(3). Petitioner offers no evidence of intentional misrepresentation on the part of the district attorney or other state officials in their handling of counsel's discovery request. As noted by petitioner, counsel was advised to subpoena the tape around the time of the preliminary hearing. Motion for Discovery (ECF No. 53), pp. 2-3. When counsel resorted instead to a simple discovery request and then attempted to enforce that request through a motion to the court, the state advised that it was likely the tape was no longer available. *Id.* at 3. The series of emails attached as exhibits to respondents' opposition to the motion for discovery outlines the police department's present policy for the retention of 911 recordings and indicates that the policy has changed since the time that petitioner was arrested. The email, from the Manager of Police Communications for the North Las Vegas Police Department, Jennifer Spivey, clarifies her previous statement made in response to an imaginary-scenario inquiry by Rhonda Foust, the wife of petitioner's friend, where Ms. Spivey indicated that 911 tapes dating back to 2001 were available. *Cf.* Exhibit 1 to Opposition and Exhibit 2 to Motion. Petitioner's self-serving affidavit in support of the motion is not persuasive as it provides nothing of true evidentiary value.

Petitioner has not demonstrated that the tape contains any information that would be helpful to his case.[1] In fact, he speaks not at all about what the tape might actually contain. He has not demonstrated that the state took any affirmative steps to hide the tape from petitioner or that, had he taken the steps in 2001 that he recently took to obtain the tape, that he would not have been able to obtain it for his state court proceedings. Because of these failings, petitioner has not met his burden

---

[1] Petitioner submitted a cassette tape of the purported 911 call along with his motion to admit evidence. However, the court has not reviewed the contents of the tape, which will be returned to petitioner on this order.

3

1  under Rule 60(b)(3) and the court's decision to deny relief on his federal habeas petition is not
2  altered.

3        Moreover, the federal habeas statute leaves primary responsibility with the state
4  courts to determine whether a state criminal conviction comports with the law and the United States
5  Constitution. *Woodford v. Visciotti,* 537 U.S. 19, 27, 123 S.Ct. 357 (2002).  This court may only
6  review the state court proceedings to determine if the decision was unreasonable in its legal analysis
7  or factual findings or misapplies a clearly established legal rule established by the United States
8  Supreme Court based on the record that was before the state court at the time the decision was made.
9  *Pinholster,* 131 S.Ct. at 1398-1399.  To permit a petitioner to obtain relief from this court on the
10 basis of information obtained after the state had concluded its review would be counter to the habeas
11 statute's clear requirements that the petitioner exhaust his claims in state court. *See* 28 U.S.C. §
12 2254(b). Where new evidence is obtained or discovered after the state proceedings are concluded,
13 the factual basis of any claim related to that evidence is changed and that change renders the claim
14 unexhausted. Petitioner's desire to present his new evidence to this court in the first instance will be
15 denied.  Petitioner must take his new evidence to the state courts for review.

16 II.    <u>Motion to Reopen Time to Appeal</u>

17       Petitioner requests the court to reopen the time to file his appeal under Fed. R. App.
18 P. 4(a)(6)(A).  Respondents do not appear to have been served with this motion, but because the
19 motion must be denied, it is not necessary for the court to await a response.

20       Petitioner contends that he did not receive notice of the court's entry of the December
21 21, 2010, order denying reconsideration of the judgment in this case, presenting his own affidavit
22 which states that during the time such an order might have been delivered to him, the law library in
23 the Southern Desert Correctional Center was temporarily shut-down to permit investigation into a
24 drug smuggling operation involving one of the prison library employees and at least one inmate.  He
25 submits, but does not provide evidence to confirm the fact, that mail logs would demonstrate he did
26

not receive any legal mail between December 20, 2010 through November 11, 2011.  Motion, p. 3.  However, petitioner cannot meet his burden under Fed. R. App. P. 4(a)(6), which allows the court to reopen the time for appeal,

> but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

*Id.*

First, even if the court, relying solely on petitioner's own affidavit, found that he had not received notice of the order from the clerk of the court, he has failed to address, let alone meet the remaining conditions imposed by the rule.  He indicates in his motion that he became aware of the denial of his motion for relief from the judgment from respondents' procedural history outlined in their opposition to his motion for discovery.  That response was filed with the court on June 4, 2012.  Thus, even allowing for a whole week for the response to reach petitioner via U.S. mail, his motion to reopen the time to appeal was not filed for more than 56 days after he became aware of the order.  Where the order was entered in December of 2010, more than 180 days has also passed before the instant motion was made.  Petitioner fails to satisfy the time requirements of subpart (B).

As to subpart (C) there has been no argument related to this condition, but the court concludes that petitioner could not so demonstrate.  This matter was decided in this court in September 2009, when judgment was entered.  *See* ECF No. 39.  Since that time, petitioner filed an appeal, in which the Ninth Circuit Court of Appeals denied petitioner a certificate of appealability.  He has also filed a motion for relief from the judgment.  This motion was filed almost a year after

the entry of judgment (ECF No. 45) and was decided by the court within two months of its filing (ECF No. 49). Petitioner now wants leave to file a belated appeal of that order, which would render the proceedings reactivated and require the respondents to address any issues petitioner might be permitted to appeal more than three years after the matter was originally decided. Respondents would surely be prejudiced if an additional appeal was allowed.

Petitioner cannot satisfy the conditions imposed by Fed. R. App. P. 4(a)(6) and his motion to reopen the time to file an appeal must be denied.

**IT IS THEREFORE ORDERED** that petitioner's motions (ECF No. 53, 58 and 59) are **DENIED.**

**IT IS FURTHER ORDERED** that the clerk shall return to petitioner the evidence he submitted with his motion to admit evidence (ECF No. 58) and which has been held in the clerk's possession for safekeeping only.[2]

**IT IS FURTHER ORDERED** that the clerk shall not accept for filing in this case any other documents submitted by petitioner, save and except a proper notice of appeal.

Dated, this 15 day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] See docket staff notes for location of the cassette tape.